IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| **Autoscribe Corporation,** | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 2:23-cv-00390-JRG |
| **PAYMENT SAVVY, LLC** | § § | Jury Trial Demanded |
| Defendant. | § § § | |

## DEFENDANT PAYMENT SAVVY LLC'S ANSWER TO COMPLAINT, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT

Defendant Payment Savvy, LLC (hereafter "Defendant" or "Payment Savvy") hereby answers the Complaint in this action by Autoscribe Corporation ("Plaintiff" or "Autoscribe"). The paragraph numbers used herein correspond to the same paragraph numbers in the Complaint. Unless specifically admitted below, Payment Savvy denies every allegation and characterization in the Complaint, pursuant to Federal Rule of Civil Procedure 8(b)(3). Payment Savvy reserves the right to amend its answer and defenses based on additional information learned through discovery or otherwise.

## I.  THE PARTIES

1. Payment Savvy is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of Paragraph 1, and therefore denies them.

2. Payment Savvy admits that it is a Limited Liability Company (LLC) organized under the laws of Texas, with its headquarters at 5760 Legacy Drive, Suite B3, Plano, TX 75024. Payment Savvy admits it can be served through its registered agent TIBS CASES, LLC, 8150 N.

1

Central Expressway, 10th Floor, Dallas, TX 75206. Payment Savvy denies the remaining allegations of Paragraph 2.

## II.  JURISDICTION AND VENUE

3. Payment Savvy admits that this Court has subject matter jurisdiction because the Complaint alleges this action arises under the patent laws of the United States, namely 35 U.S.C. § 1 *et seq.*, including 35 U.S.C. § 271. Payment Savvy admits this Court has subject matter jurisdiction over patent infringement claims for relief under 28 U.S.C. §§ 1331 and 1338(a). Payment Savvy denies that it has committed, or is committing, any acts of infringement in this District or elsewhere. Payment Savvy denies the remaining allegations in Paragraph 3.

4. Payment Savvy denies the allegations of Paragraph 4.

5. Paragraph 5 of the Complaint sets out a legal conclusion to which no response is necessary. To the extent a response is required, Payment Savvy admits it has its headquarters at 5760 Legacy Drive, Suite B3, Plano, TX 75024. Payment Savvy denies the remaining allegations of Paragraph 5.

6. Paragraph 6 of the Complaint sets out a legal conclusion to which no response is necessary. To the extent a response is required, Payment Savvy admits it conducts business in Texas. For purposes of this action only, Payment Savvy admits to personal jurisdiction within the State of Texas. Payment Savvy denies the remaining allegations of Paragraph 6.

7. Paragraph 7 of the Complaint sets out a legal conclusion to which no response is necessary. To the extent a response is required, Payment Savvy denies that venue is proper in the Marshall Division of the Eastern District of Texas because Payment Savvy has not committed patent infringement and has not induced and/or contributed to acts of infringement by others in the

Marshall Division of the Eastern District of Texas inasmuch as Payment Savvy is based in the Sherman Division (Plano Annex) of the Eastern District of Texas. Payment Savvy denies the remaining allegations of Paragraph 7.

### III.  BACKGROUND

8. The allegations within Paragraph 8 of the Complaint are not directed toward Payment Savvy and therefore do not require any response from Payment Savvy. To the extent a response is required, Payment Savvy is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of Paragraph 8, and therefore denies them.

9. The allegations within Paragraph 9 of the Complaint are not directed toward Payment Savvy and therefore do not require any response from Payment Savvy. To the extent a response is required, Payment Savvy is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of Paragraph 9, and therefore denies them.

10. The allegations within Paragraph 10 of the Complaint are not directed toward Payment Savvy and therefore do not require any response from Payment Savvy. To the extent a response is required, Payment Savvy is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of Paragraph 10, and therefore denies them.

11. Payment Savvy admits that, based on the face of the patent, on April 4, 2023, the United States Patent and Trademark Office ("USPTO") issued United States Patent No. 11,620,621 ("the '621 Patent" or "the Asserted Patent"), titled "Enrolling a payer by a merchant server operated by or for the benefit of a payee and processing a payment from the payer by a secure server." Payment Savvy denies that the Asserted Patent is valid and enforceable. Except as expressly admitted, Payment Savvy denies the remaining allegations in this paragraph.

12. Payment Savvy admits that the '621 Patent specification recites the "present invention relates broadly to systems and methods for obtaining and using account information to process financial payments." Payment Savvy is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations of Paragraph 12, and therefore denies them.

13. The allegations within Paragraph 13 of the Complaint are not directed toward Payment Savvy and therefore do not require any response from Payment Savvy. To the extent a response is required, Payment Savvy is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of Paragraph 13, and therefore denies them.

14. The allegations within Paragraph 14 of the Complaint are not directed toward Payment Savvy and therefore do not require any response from Payment Savvy. To the extent a response is required, Payment Savvy is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations of Paragraph 14, and therefore denies them.

15. Payment Savvy denies the allegations of Paragraph 15.

16. Payment Savvy denies the allegations of Paragraph 16.

17. Payment Savvy denies the allegations of Paragraph 17.

18. Payment Savvy denies the allegations of Paragraph 18.

## IV.  COUNT I: INFRINGEMENT OF THE ASSERTED PATENT

19. Payment Savvy reasserts and incorporates by reference its responses to Paragraphs 1 through 19 of the Complaint.

20. Payment Savvy denies the allegations of Paragraph 20.

21. Payment Savvy admits that it has not taken a license to any Autoscribe-owned patent to date, but specifically denies that any such license is necessary. Payment Savvy denies that it has committed, or is committing, any acts of infringement in this District or elsewhere. Payment Savvy denies the remaining allegations of Paragraph 21.

22. Payment Savvy denies the allegations of Paragraph 22.

23. Payment Savvy denies the allegations of Paragraph 23.

24. Payment Savvy admits that Paragraph 24 purports to quote claim 1 of the '621 Patent. Payment Savvy denies that it has committed, or is committing, any acts of infringement in this District or elsewhere. Payment Savvy denies the remaining allegations of Paragraph 24, including that claim 1 is representative.

25. Payment Savvy admits that the screenshot included in the Complaint purports to be from Payment Savvy's website, which speaks for itself such that no response is necessary. Payment Savvy denies the remaining allegations of Paragraph 25. Autoscribe has failed to show that the features set forth in the screenshot are present in a system operated by Payment Savvy.

26. Payment Savvy admits that the screenshot included in the Complaint purports to be from Payment Savvy's website, which speaks for itself such that no response is necessary. Payment Savvy denies the remaining allegations of Paragraph 26. Autoscribe has failed to show that the features set forth in the screenshot are present in a system operated by Payment Savvy.

27. Payment Savvy admits that the screenshot included in the Complaint purports to be from Payment Savvy's website, which speaks for itself such that no response is necessary. Payment Savvy denies the remaining allegations of Paragraph 27. Autoscribe has failed to show that the features set forth in the screenshot are present in a system operated by Payment Savvy.

28. Payment Savvy admits that the screenshot included in the Complaint purports to be

from Payment Savvy's website, which speaks for itself such that no response is necessary. Payment Savvy denies the remaining allegations of Paragraph 28. Autoscribe has failed to show that the features set forth in the screenshot are present in a system operated by Payment Savvy.

29. Payment Savvy admits that the screenshot included in the Complaint purports to be from Payment Savvy's website, which speaks for itself such that no response is necessary. Payment Savvy denies the remaining allegations of Paragraph 29. Autoscribe has failed to show that the features set forth in the screenshot are present in a system operated by Payment Savvy.

30. Payment Savvy admits that the screenshot included in the Complaint purports to be from Payment Savvy's website, which speaks for itself such that no response is necessary. Payment Savvy denies the remaining allegations of Paragraph 30. Autoscribe has failed to show that the features set forth in the screenshot are present in a system operated by Payment Savvy.

31. Payment Savvy admits that the screenshot included in the Complaint purports to be from Payment Savvy's website, which speaks for itself such that no response is necessary. Payment Savvy denies the remaining allegations of Paragraph 31. Autoscribe has failed to show that the features set forth in the screenshot are present in a system operated by Payment Savvy.

32. Payment Savvy admits that the screenshot included in the Complaint purports to be from Payment Savvy's website, which speaks for itself such that no response is necessary. Payment Savvy denies the remaining allegations of Paragraph 32. Autoscribe has failed to show that the features set forth in the screenshot are present in a system operated by Payment Savvy.

33. Payment Savvy admits that the screenshot included in the Complaint purports to be from Payment Savvy's website, which speaks for itself such that no response is necessary. Payment Savvy denies the remaining allegations of Paragraph 33. Autoscribe has failed to show that the features set forth in the screenshot are present in a system operated by Payment Savvy.

34. Payment Savvy admits that it became aware of the '621 Patent upon being served with the Complaint on or about September 6, 2023. Payment Savvy denies the remaining allegations of Paragraph 34.

35. Payment Savvy denies the allegations of Paragraph 35.

36. Payment Savvy denies the allegations of Paragraph 36.

37. Payment Savvy denies the allegations of Paragraph 37.

38. Payment Savvy denies the allegations of Paragraph 38.

39. Payment Savvy denies the allegations of Paragraph 39.

40. Payment Savvy denies the allegations of Paragraph 40.

41. Payment Savvy denies the allegations of Paragraph 41.

42. Payment Savvy admits that the screenshot included in the Complaint purports to be from Payment Savvy's website, which speaks for itself such that no response is necessary. Payment Savvy denies the remaining allegations of Paragraph 42. Autoscribe has failed to show that the features set forth in the screenshot are present in a system operated by Payment Savvy.

43. Payment Savvy denies the allegations of Paragraph 43.

44. Payment Savvy denies the allegations of Paragraph 44.

## V.  JURY DEMAND

45. Payment Savvy requests a trial by jury on all issues so triable.

## VI.  RELIEF REQUESTED

46. Payment Savvy admits that Autoscribe prays for the relief requested but denies that Autoscribe is entitled to any of the relief requested in Paragraphs a) through e) of its Prayer for

Relief, and denies that Autoscribe is entitled to any other relief.

## VII.  AFFIRMATIVE DEFENSES

47. Payment Savvy asserts the following affirmative defenses.  By including a defense herein, Payment Savvy does not assume any burden it would not otherwise have.  Payment Savvy does not knowingly or intentionally waive any applicable defenses and reserves the right to assert or rely on any additional applicable defenses that become apparent or available throughout the course of this action.  Discovery in this case has not begun at the time of this Answer, and therefore, Payment Savvy has not yet had sufficient time or opportunity to collect and review information that may be relevant to the matters and issues raised herein.  Thus, Payment Savvy reserves the right to seek amendment of, modify, and/or expand these defenses and to take further positions as discovery proceeds in this action.  Furthermore, to the extent Autoscribe amends the Complaint and/or its contentions, Payment Savvy expressly reserves the right to amend this Answer and its Defenses.  As separate and distinct defenses to each of the claims set forth in Autoscribe's Complaint, Payment Savvy sets forth the following and asserts that each are at issue, or are expected to be at issue, after Autoscribe makes its initial disclosures under Fed.R.Civ.P. 26(a), and there is an opportunity to conduct discovery.  Payment Savvy incorporates by reference, to the extent applicable, its responses set forth above to the allegations in Autoscribe's Complaint.

## FIRST AFFIRMATIVE DEFENSE

(Failure to State a Claim I / Divided Infringement)

48. Autoscribe has failed to state a claim upon which relief may be granted, including, but without limitation, because a single party may not perform all of the steps in the asserted claims

and Autoscribe cannot plead a viable claim for joint infringement of the '621 Patent.

## SECOND AFFIRMATIVE DEFENSE

(Non-Infringement)

49.     Payment Savvy does not infringe, and at all times relevant to this action, has not infringed, either directly or indirectly, any of the claims of the '621 Patent, either literally or under the doctrine of equivalents.

## THIRD AFFIRMATIVE DEFENSE

(Invalidity)

50.     All of the claims of the '621 Patent are invalid and/or unenforceable for failure to meet one or requirements of patentability set forth in Part II of Title 35 of the United States Code, including but not limited to §§ 101, 102, 103, and/or 112, or judicially created doctrines of invalidity including, but not limited to, obviousness-type double patenting or the Rules and Regulations of the U.S. Patent and Trademark Office relating thereto.

## FOURTH AFFIRMATIVE DEFENSE

(Estoppel)

51.     Autoscribe's claims against Payment Savvy are barred, in whole or in part, by the doctrine of estoppel.

## FIFTH AFFIRMATIVE DEFENSE

(Prosecution History Estoppel)

52. Autoscribe's claims are barred or limited by virtue of conduct, statements, admissions, and/or representations during the prosecution of the '621 Patent and/or patents or applications related thereto under the doctrines of disclaimer and/or prosecution history estoppel.

## SIXTH AFFIRMATIVE DEFENSE

(Speculative Damages)

53. To the extent Autoscribe has suffered any damages, which is denied, any such damages are speculative and uncertain.

## SEVENTH AFFIRMATIVE DEFENSE

(Failure to Mitigate Damages)

54. Autoscribe failed to mitigate or minimize damages, if there were any, in that Autoscribe failed to properly maintain, or otherwise conduct its activities, and otherwise failed to take adequate measures to minimize Autoscribe's purported harm, if any.

## EIGHTH AFFIRMATIVE DEFENSE

(Reverse Doctrine of Equivalents)

55. On information and belief, Autoscribe's infringement claim is barred by the reverse doctrine of equivalents.

### NINTH AFFIRMATIVE DEFENSE

(Failure to Mark)

56.     On information and belief, to the extent that Autoscribe, its predecessors-in-interest, and/or its licensees failed to properly mark any of its relevant products with the Asserted Patent as required by 35 U.S.C. § 287 or otherwise give Payment Savvy proper notice of its allegations that Payment Savvy's actions infringe the '612 Patent, Payment Savvy is not liable for any of the allegedly infringing acts performed before it received actual notice of the alleged infringement on or about September 6, 2023.

### TENTH AFFIRMATIVE DEFENSE

(Ensnarement)

57.     Autoscribe's infringement claim is barred by the doctrine of ensnarement. Autoscibe is foreclosed from asserting infringement under the doctrine of equivalents to the extent the scope of such equivalent would ensnare prior art.

### ELEVENTH AFFIRMATIVE DEFENSE

(Failure to State a Claim II / Fed.R.Civ.P. 11)

58.     Autoscribe has not pled any technical elements of a system or platform belonging to Payment Savvy that would tend to show infringement of the asserted patent – Autoscribe has relied on language from a website.  This is a pleading deficiency that calls into question whether a proper pre-filing investigation was performed in which Autoscribe applied at least claim 1 of the '621 Patent to an accused *device, system, or platform* and thereby concluded that there is a reasonable basis for a finding of infringement of at least one claim of the '621 Patent.

## TWELFTH AFFIRMATIVE DEFENSE

(Lack of Causation)

59. To the extent any patent infringement occurred, which Payment Savvy denies, Autoscribe is not entitled to recover any damages due to lack of causation. Autoscribe cannot show that "but for" Payment Savvy's presence in the market, Autoscribe would not have lost sales or profits.

## THIRTEENTH AFFIRMATIVE DEFENSE

(No Willful Infringement/Scienter)

60. Payment Savvy at all times acted in good faith and has not intentionally infringed the asserted patent. In fact, prior to actually receiving the Complaint in this action, Payment Savvy was not even aware of the existence of the patent-in-suit. Any infringement by Payment Savvy was not willful and Autoscribe is not entitled to enhanced damages.

## FOURTEENTH AFFIRMATIVE DEFENSE

(No Indirect Infringement)

61. Payment Savvy lacks the requisite state of mind to be found liable for inducement of infringement or contributory infringement, at least in part, because it did not know of the existence of the '621 Patent until at least as recently as on or about September 6, 2023, and did not know until at least as late as on or about September 6, 2023 that the allegedly infringing platform was especially made or especially adapted for use in an infringement of any patent.

## FIFTEENTH AFFIRMATIVE DEFENSE

(Unclean Hands)

62. Based on all of the foregoing affirmative defenses and denials of the allegations in the Complaint, the contents of which are incorporated herein by reference, Autoscribe is barred from any and all recovery related to its claims in this case because of its unclean hands.

## SIXTEENTH AFFIRMATIVE DEFENSE

(Improper Venue)

63. The Eastern District of Texas is not a proper venue for this action. Autoscribe cannot meet the requirements of 28 U.S.C. § 1400(b) because Payment Savvy has not committed patent infringement and has not induced and/or contributed to acts of infringement by others in the Eastern District of Texas.

## SEVENTEENTH AFFIRMATIVE DEFENSE

(Injunctive Relief)

64. Autoscribe is not entitled to injunctive relief as it has, at a minimum, no irreparable injury and an adequate remedy at law for the alleged infringement by Payment Savvy.

## RESERVATION OF ADDITIONAL DEFENSES

65. Payment Savvy reserves all defenses and affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defenses at law or equity that may now or in the future be available based on discovery or any other factual investigation concerning this case or any related action.

## PAYMENT SAVVY'S COUNTERCLAIMS

66. Defendant/Counterclaimant Payment Savvy, by and through its undersigned counsel, hereby counterclaim against Plaintiff/Counter-Defendant Autoscribe Corporation, and alleges as follows:

## THE PARTIES

67. Counterclaim Plaintiff Payment Savvy is a Limited Liability Company (LLC) organized under the laws of Texas, with its headquarters at 5760 Legacy Drive, Suite B3, Plano, TX 75024.

68. Upon information and belief based on paragraph 2 of the Complaint as pled by Autoscribe, Counterclaim Defendant Autoscribe is a corporation organized under the laws of the State of Maryland with its principal place of business at 12276 San Jose Blvd., Suite 624, Jacksonville, FL 32223.

## JURISDICTION AND VENUE

69. Payment Savvy incorporates by reference paragraphs 67-68 above.

70. These counterclaims arise under the patent law of the United States, Title 35, United States Code. Subject matter jurisdiction exists for Defendant/Counterclaimant's counterclaims inasmuch as Autoscribe has placed into controversy matters regarding alleged patent infringement and Defendant/Counterclaimant denies such allegations. Accordingly, there is an actual controversy within the jurisdiction of this Court pursuant to at least 28 U.S.C. §§ 2201 and 2202.

71. Autoscribe has consented to the personal jurisdiction of this Court at least by commencing its action for patent infringement in this District, as set forth in its Complaint.

72. Based solely on the filing of this action, venue is proper, though not convenient, in this District pursuant at least to 28 U.S.C. §§ 1391 and 1400.

## COUNT I

### DECLARATORY JUDGMENT OF PATENT INVALIDITY OF U.S. PAT. NO. 11,620,621
### (Against Autoscribe Corporation)

73. Defendant/Counterclaimant Payment Savvy incorporates by reference paragraphs 50 and 67-72 above.

74. In its Complaint, Autoscribe accused Defendant/Counterclaimant Payment Savvy of infringing a patent, which Defendant/Counterclaimant Payment Savvy denies. Based on the filing of this action an actual controversy has arisen and now exists between the parties as to the validity of the claims of the '621 Patent.

75. The claims of the '621 Patent are invalid for failure to comply with one or more of the requirements of the United States Code, Title 35, including without limitation, §§ 101, 102, 103, and/or 112 and the rules, regulations, and laws pertaining thereto.

76. Pursuant to the Federal Declaratory Judgment Act, 28 U.S. C. 2201 et seq., Payment Savvy requests a declaration by the Court that the claims of the '621 Patent are invalid for failure to comply with one or more requirements of United States Code, Title 35, including without limitation, §§ 101, 102, 103, and/or 112, and the rules, regulations, and laws pertaining thereto.

## COUNT II

### DECLARATORY JUDGMENT OF NONINFRINGEMENT OF U.S. PAT. NO. 11,620,621
### (Against Autoscribe Corporation)

77. Defendant/Counterclaimant Payment Savvy incorporates by reference paragraphs

48, 49, 58, 67-76 above.

78. In its Complaint, Autoscribe accused Defendant/Counterclaimant Payment Savvy of infringing a patent, which Defendant/Counterclaimant Payment Savvy denies. Based on the filing of this action, an actual controversy has arisen and now exists between the parties as to the infringement of the '621 Patent.

79. Autoscribe has failed to allege (and cannot prove) that Payment Savvy infringes any claim of the '621 Patent either directly or through induced or contributory infringement.

80. Pursuant to the Federal Declaratory Judgment Act, 28 U.S. C. 2201 et seq., Payment Savvy requests a declaration by the Court that the '621 Patent is not infringed by Payment Savvy.

**PRAYER FOR RELIEF**

WHEREFORE, Defendant/Counterclaimant Payment Savvy respectfully requests that this Court enter a judgment in its favor and against Autoscribe as follows:

(a) Striking Autoscribe's Complaint;

(b) Dismissing the Complaint with prejudice in its entirety, with Autoscribe to take nothing thereby;

(c) Declaring that Defendant/Counterclaimant Payment Savvy does not infringe the asserted patent;

(d) Declaring that the patent-in-suit is invalid;

(e) Finding that this is an exceptional case under the Patent Act and awarding Defendant/Counterclaimant Payment Savvy their attorneys' fees, costs, and expenses incurred herein, payable jointly and severally by Counter-Defendant Autoscribe;

(f) Denying Autoscribe any of the relief it has requested; and,

(g) Awarding Defendant/Counterclaimant Payment Savvy such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Defendant/Counterclaimant Payment Savvy hereby respectfully request a jury trial on all issues raised by the Complaint, Affirmative Defenses, and Counterclaims that are so triable.

Dated: November 17, 2023                                    Respectfully submitted,

*/s/ Mark D. Nielsen*
Mark D. Nielsen
State Bar No. 24062361
Scheef & Stone, LLP
2600 Network Blvd., Suite 400
Frisco, Texas 75034
(214) 472-2100 (Ph)
(214) 472-2150 (Fax)
Mark.Nielsen@solidcounsel.com

COUNSEL FOR DEFENDANT/
COUNTER-CLAIMANT,
PAYMENT SAVVY, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on November 17, 2023, the foregoing was electronically filed with the Court using the CM/ECF system, which will send a notification of the filing via electronic mail to all counsel of record.

/s/ *Mark D. Nielsen*
Mark D. Nielsen